J-S47020-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :              PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
GUSTUS CICERO TAYLOR            :
                                :
         Appellant              :    No. 1716 WDA 2017

Appeal from the PCRA Order Entered September 28, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013932-2004

BEFORE:    OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:              FILED OCTOBER 31, 2018

Gustus Cicero Taylor appeals from the order dismissing as untimely his petition for relief under the Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. He claims he was denied a fair and impartial jury; the Commonwealth committed a Brady[1] violation; and trial counsel was ineffective. We affirm.

A jury convicted Taylor of first-degree murder and the trial court imposed a term of life imprisonment.[2] This Court affirmed his judgment of sentence on February 25, 2008, and Taylor did not file a petition for allowance

_____

*   Retired Senior Judge assigned to the Superior Court.

[1] Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that suppression by prosecution of evidence favorable to defendant violates due process, where evidence is material to guilt or punishment).

[2] 18 Pa.C.S.A. § 2502(a).

of appeal to our Supreme Court. See Commonwealth v. Taylor, 951 A.2d 1217 (Pa.Super. 2008) (unpublished memorandum).

Taylor filed his first timely pro se PCRA petition in September 2008. The PCRA court appointed counsel, who filed a Turner/Finley[3] letter, contending that the petition was meritless. The PCRA court dismissed the petition. Taylor appealed the dismissal but this Court quashed the appeal due to Taylor's failure to comply with the Rules of Appellate Procedure. See Commonwealth v. Taylor, 996 A.2d 16 (Pa.Super. 2010) (unpublished memorandum), appeal denied, 997 A.2d 1178 (Pa. 2010). Taylor filed the petition giving rise to this appeal on June 8, 2017, which he styled as a "Petition for Post-Trial Discovery and Note[s] of Testimony." The PCRA court treated the petition as a PCRA petition and issued a notice of intent to dismiss the petition without a hearing. See Pa.R.Crim.P. 907. The PCRA court later dismissed the petition and this timely appeal followed.

On appeal, Taylor asserts three issues:

I.  Was [Taylor's] fair and impartial trial by jury violat[ed], which is guaranteed by Batson v. Kentucky, 106 S.Ct. 1712 [(1986)]?

II. [Taylor] was denied evidence under Brady v. Maryland, 83 S.Ct. 1194 [1963], where, there was evidence withheld by the Commonwealth that, would have made a difference in the outcome of [Taylor's] trial . . . [sic] this was also in violation of the Jencks Act, 18 U.S.C. 3500(b).

_____

[3] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988).

III. The above violations led to, ineffective assistance of counsel under *Strickland v. Washington*, 104 S.Ct. 2052 [1984]. There was no reason for counsel not to investigate all pre-trial allegations in this matter.

Taylor's Br. at i.

Our standard of review for the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Jordan*, 182 A.3d 1046, 1049 (Pa.Super. 2018).

We do not reach the merits of Taylor's issues because his PCRA petition was untimely. *See Commonwealth v. Smith*, --- A.3d ---, 2018 PA Super 211 at *4 (filed July 20, 2018). A timely PCRA petition is one that has been filed within one year of the date the judgment of sentence became final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (quoting 42 Pa.C.S.A. § 9545(b)(3)).

A petitioner who files a PCRA petition after the one-year deadline must plead and prove at least one of three time-bar exceptions. These exceptions are: (1) the failure to raise the claim previously was due to governmental interference; (2) the facts of the claim were unknown to the petitioner and could not have been ascertained by due diligence; or (3) a newly recognized constitutional right that the United States Supreme Court or Pennsylvania Supreme Court have held to apply retroactively. *See* 42 Pa.C.S.A. §

9545(b)(1)(i)-(iii). The petitioner must raise a time-bar exception within 60 days from the date the claim could have first been raised. See 42 Pa.C.S.A. § 9545(b)(2).

Here, Taylor's judgment of sentence became final on March 26, 2008, when his time to file a petition for allowance of appeal to our Supreme Court expired. See Pa.R.A.P. 1113(a). Thus, he had one year from that date to file a timely petition. The instant petition was filed nine years after the deadline and therefore the PCRA court lacked jurisdiction to consider the petition unless one of the three time-bar exceptions applied. See Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010). It was Taylor's burden to plead and prove one of the time-bar exceptions. See Commonwealth v. Woods, 179 A.3d 37, 43 (Pa.Super. 2017) (petitioner bears burden of pleading and proving time-bar exception).

Taylor failed to plead or prove any of the time-bar exceptions in his PCRA petition; he does not even claim an exception in his appellate brief. As such, we are in agreement with the PCRA court's decision to dismiss the petition as untimely. We therefore do not address the merits of Taylor's appellate issues and affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2018